# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**TERRANCE EDWARDS,**

    **Plaintiff,**

    v.                                                         Case No. 10-CV-729

**BELINDA SCHRUBBE, MARY GORSKE,**
**DR. PAUL SUMNICHT, and KRIS LYONS,**

    **Defendants.**

## DECISION AND ORDER

Plaintiff Terrance Edwards, a Wisconsin state prisoner, filed this pro se civil rights action pursuant to 42 U.S.C. § 1983. He alleges that he is not receiving adequate medical treatment for his vitiligo, a condition that causes skin depigmentation, and that therefore he is being subjected to cruel and unusual punishment in violation of the Eighth Amendment. Defendants have moved for summary judgment on the ground that plaintiff failed to exhaust his administrative remedies, as required by 42 U.S.C. § 1997e(a).

### I. BACKGROUND

The following facts are taken from plaintiff's verified complaint, defendants' proposed findings of fact, and the exhibits attached to the affidavit of Thomas J. Gozinske.

On February 7, 2008, plaintiff noticed that an area of his skin around his biceps muscle was beginning to depigmentate. He sought medical care at the health-services unit of Waupun Correctional Institution. A nurse at the institution, defendant Mary Gorske, diagnosed him with vitiligo and told him that there was no cure or treatment for his condition. Over time, the conditioned worsened, causing plaintiff emotional distress and embarrassment. Plaintiff returned to the health-services unit to ask about treatment for

vitiligo, and again the nurse said that there was no treatment. Plaintiff then started to do research about vitiligo on his own and discovered that there were treatment options.

In February 2010, plaintiff visited the health-services unit once again and asked the nurse about the treatment options he had researched. The nurse did not provide him with a satisfactory response, but she did refer him to a doctor who saw patients at the institution, defendant Paul Sumnicht. Plaintiff saw the doctor in April 2010, and the doctor confirmed that there was no cure or treatment for vitiligo. Plaintiff did not believe the doctor, and he made another appointment to see the nurse. In June 2010, plaintiff saw a nurse practitioner at Waupun, defendant Kris Lyons, and she also advised plaintiff that there was no cure or treatment for vitiligo.

On July 15, 2010, plaintiff wrote to defendant Belinda Schrubbe, the manager of the health-services unit at Waupun, and explained to her that he thought he was being denied treatment for vitiligo. He did not receive an immediate response, but on August 2, 2010, he saw Dr. Sumnicht once again. This time, Sumnicht informed plaintiff that vitiligo was not a serious medical condition, and he refused to provide any kind of treatment.

On either August 1 or August 2, 2010, plaintiff filed an inmate complaint through the Department of Correction's inmate complaint review system ("ICRS"), Wis. Admin. Code DOC ch. 310.[1] In the complaint, plaintiff explained that he had been diagnosed with vitiligo and that he believed he was being denied treatment for his condition. He stated that the depigmentation was spreading and that he believed that treatment was available to stop the spreading. He also requested treatment to restore the pigmentation of his skin. He

---

[1] Plaintiff dated the complaint August 1, 2010, but the Department of Corrections marked the complaint "received" as of August 2, 2010.

2

explained that he had been trying to resolve this issue for quite some time with the nurse practitioners and doctor, but that they refused to treat him.

On the preprinted form that plaintiff used to file his complaint, there is a box that asks the inmate to identify the "date of incident or denial of request." On his complaint, plaintiff wrote "7-6-10 and prior to." However, plaintiff also wrote the following in a letter to "I.C.E." (the institution-complaint examiner) that he attached to the complaint and dated August 1, 2010:

> I've submitted your memo to me stating that I needed to resolve this issue of treatment of my skin . . . to H.S.U. M[anager] Belinda Schrubbe. However, she refuses to answer. I submitted [a] request in an effort to resolve the issue with her on the date of July 14 or 15, 2010. It is now by the time you receive this I.C.E. [sic] August 2, 2010. Call Ms. Schubbe for a response. Moreover, please process my complaint[.] I did what you told me to do and I was assertive in my effort.

(Gozinske Aff. Ex. B.)[2]

On August 6, 2010, the institution-complaint examiner at Waupun rejected plaintiff's inmate complaint on the ground that it was untimely. Under ICRS procedures, an institution-complaint examiner may reject a complaint without considering its merits when "[t]he inmate submitted the complaint beyond 14 calendar days from the date of the occurrence giving rise to the complaint and provides no good cause for the ICE to extend the time limits." Wis. Admin. Code § DOC 310.11(5)(d). In rejecting plaintiff's complaint, the institution-complaint examiner noted that although plaintiff had mentioned events that had been occurring since 2008 in the body of his complaint, she would "assume" that July 6, 2010 was the date of the incident giving rise to his complaint. Using that date as the date of the occurrence, the institution-complaint examiner found that the complaint had

---

[2]The "memo" that plaintiff refers to in his letter is not in the record, and the parties do not discuss it in their briefs.

been submitted beyond the 14-day limit and that there was no good cause for an extension. The examiner made no mention of plaintiff's statement about waiting for a response from Schrubbe.

Under ICRS rules, when a complaint is rejected by the institution-complaint examiner, the inmate has ten days appeal the rejection to the "appropriate reviewing authority." Wis. Admin. Code § DOC 310.11(6). On August 9, 2010, plaintiff filed a request for review of his rejected complaint with the appropriate reviewing authority. In his request for review, plaintiff stated that he had put the wrong date on his inmate complaint. He explained that he last saw Dr. Sumnicht on August 2 or August 3, 2010, and that therefore his most recent denial of treatment had occurred within 14 days of the filing of the complaint. On August 13, 2010, the reviewing authority found that the institution-complaint examiner's decision to reject the complaint as untimely was "appropriate." The reviewing authority did not explain the reasoning that led to this finding or acknowledge plaintiff's statement that he had put the wrong date on his complaint.

On August 18, 2010, Schrubbe responded to plaintiff's letter about his treatment at the health-services unit. She explained to him that he had been examined by both a nurse practitioner and a doctor and that both had determined that his vitiligo did not require medical treatment. Plaintiff was not happy with this response, and he commenced the present lawsuit on August 25, 2010.

## II. DISCUSSION

Defendants move for summary judgment on the ground that plaintiff did not properly exhaust his administrative remedies, as required by 42 U.S.C. § 1997e(a). Defendants concede that plaintiff filed an inmate complaint about the subject matter of this lawsuit and that he appealed the rejection of the complaint to the right reviewing authority; however,

4

they contend that plaintiff did not "properly" exhaust his administrative remedies because his initial complaint was untimely. See Woodford v. Ngo, 548 U.S. 81, 83-84 (2006) (holding that § 1997e(a) requires "proper" exhaustion). As noted, under ICRS rules, an inmate complaint must be submitted "within 14 calendar days after the occurrence giving rise to the complaint." See Wis. Admin. Code § DOC 310.09(6). Defendants contend that the date of the occurrence giving rise to plaintiff's complaint was "July 6, 2010 and prior to" – the time period that plaintiff wrote in the box of his inmate complaint – and that therefore the complaint plaintiff filed on August 1 or 2, 2010 was untimely. Defendants do not respond to plaintiff's assertion that he put the wrong date in the box and that he meant to complain about an ongoing issue, not simply the result of his visit with the nurse practitioner on July 6, 2010.

I conclude that the undisputed facts establish that plaintiff has properly exhausted his administrative remedies. The institution-complaint examiner, the reviewing authority, and the defendants here have all taken an unreasonably narrow view of plaintiff's inmate complaint by focusing exclusively on the date plaintiff wrote in the box labeled "date of incident or denial of request." Reading the complaint as a whole, it is clear that plaintiff was complaining about an ongoing denial of medical treatment rather than one isolated incident that occurred on July 6, 2010. Indeed, the complaint states that plaintiff had made repeated efforts to resolve his grievance with the medical staff at the prison, most recently by sending a letter (apparently in accordance with the institution-complaint examiner's advice) to the manager of the health-services unit on July 14 or 15, 2010. Plaintiff explains that he waited a few weeks for a response from the manager, and that he filed the inmate complaint once he concluded that the manager was ignoring his letter. Thus, the entirety of the complaint reveals that plaintiff promptly filed an appropriate grievance

5

Case 2:10-cv-00729-LA    Filed 09/06/11    Page 5 of 7    Document 36

through the proper channels once he realized that he would not be able to resolve his grievance with the medical staff informally. This was proper exhaustion.[3]

Even if the inmate complaint could be reasonably interpreted as having arisen out of an occurrence that took place no later than July 6, 2010, plaintiff made clear on appeal to the appropriate reviewing authority that the problem was ongoing by explaining that he mistakenly forgot to mention in his original complaint that he had seen the doctor as recently as August 2 or 3, 2010. The reviewing authority completely ignored plaintiff's attempt to correct his complaint and affirmed the rejection of the complaint without further comment. In their reply brief in this court, defendants likewise ignore this issue and do not offer any legal justification for the appropriate reviewing authority's refusal to acknowledge plaintiff's attempt to change the date he wrote in the box. Having reviewed DOC Chapter 310, I can find no rule stating that a plaintiff cannot correct or clarify his inmate complaint on appeal to the appropriate reviewing authority, and so to the extent the initial rejection of the complaint was appropriate (it was not), it should have been reinstated once plaintiff explained that the most recent denial of treatment occurred on August 2 or 3, 2010. Accordingly, plaintiff has properly exhausted all available administrative remedies in accordance with § 1997e(a).

### III. CONCLUSION

For the reasons stated, **IT IS ORDERED** that defendants' motion for summary judgment is **DENIED**.

---

[3]Defendants have not suggested that ICRS rules allow a complaint examiner to ignore other information in the complaint and reject the complaint as untimely based solely on the information the inmate puts in the "date of incident" box. In any event, the rules do not define the phrase "occurrence giving rise to the complaint," and there is no rule stating that the date listed in the box is dispositive.

6

**IT IS FURTHER ORDERED** that defendant's motion to stay discovery pending a decision on the motion for summary judgment is **DENIED** as **MOOT**.

**IT IS FURTHER ORDERED** that plaintiff's "motion for affirmance of facts" is **GRANTED** as unopposed.

**FINALLY, IT IS ORDERED** that plaintiff's motion to appoint counsel is **GRANTED**. I find that plaintiff has made reasonable attempts to obtain counsel on his own and that, given the complexity of the medical issues involved in this case, he is not competent to litigate on his own. See Pruitt v. Mote, 503 F.3d 647, 654 (7th Cir. 2007) (en banc). The parties are advised that it may take some time for the court to recruit pro bono counsel and that a separate order will be issued once counsel is found.

Dated at Milwaukee, Wisconsin, this 6th day of September, 2011.

s/_____
LYNN ADELMAN
District Judge