# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**TERRANCE EDWARDS,**

    **Plaintiff,**

    v.                                           Case No. 10-CV-729

**BELINDA SCHRUBBE, MARY GORSKE,
DR. PAUL SUMNICHT, and KRIS LYONS,**

    **Defendants.**

## ORDER

At the request of the court, Attorney Joseph Seifert of Seifert & Knupp has agreed to represent plaintiff on a pro bono fee basis.

**IT IS THEREFORE REQUESTED** that Attorney Joseph Seifert represent plaintiff in this action, subject to plaintiff agreeing to the Regulations Governing the Prepayment and Reimbursement of Expenses in Pro Bono Cases from the District Court Pro Bono Fund. A copy of these regulations is attached to this order. Pursuant to Paragraph A.1, the pro bono appointment of Attorney Seifert is contingent on plaintiff signing and returning the enclosed form expressing his agreement to be bound by the Regulations.

**IT IS FURTHER ORDERED** that a copy of this order be sent to Attorney Joseph Seifert, Seifert & Knupp, 230 W. Wells Street, Suite 610, Milwaukee, Wisconsin, 53203.

**IT IS FURTHER ORDERED** that plaintiff's motion for voluntary dismissal (Docket #37) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that plaintiff's motion to discontinue motion for voluntary dismissal (Docket #39) is **GRANTED**.

Dated at Milwaukee, Wisconsin, this 21st day of October 2011.

                                                                 s/_____
                                                                 LYNN ADELMAN
                                                                 District Judge

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

TERRANCE EDWARDS,

    Plaintiff,

v.                                                     Case No. 10-CV-729

BELINDA SCHRUBBE, MARY GORSKE,
DR. PAUL SUMNICHT, and KRIS LYONS,

    Defendants.

## AGREEMENT TO REIMBURSE PRO BONO FUND

    I am the indigent plaintiff in this action and in consideration of the Court appointing an attorney to represent me I hereby agree to reimburse the District Court Pro Bono Fund out of any proceeds received (1) in settlement of my claim or claims or (2) upon prevailing other than by settlement of my claim or claims, for any expenses and/or costs which are either prepaid from the District Court Pro Bono Fund or incurred by my appointed attorney in accordance with the Regulations Governing the Prepayment and Reimbursement of Expenses in Pro Bono Cases.

Date: _____

                    _____
                    Terrance Edwards

**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN**

**REGULATIONS GOVERNING THE PREPAYMENT AND
REIMBURSEMENT OF EXPENSES IN PRO BONO CASES
FROM THE DISTRICT COURT PRO BONO FUND**

A.  **ELIGIBILITY FOR PREPAYMENT OR REIMBURSEMENT OF EXPENSES**

  1. In order to have an attorney appointed by the Court to represent an indigent party in a civil action in the United States District Court for the Eastern District of Wisconsin, the indigent party must first agree in writing to reimburse the District Court Pro Bono Fund out of any proceeds received (1) in settlement of his/her claim or claims, or (2) upon prevailing other than by settlement of his/her claim or claims for any expenses and/or costs which are either prepaid from the District Court Pro Bono Fund or incurred by the indigent party's appointed attorney in accordance with these regulations.

  2. When an attorney has been appointed by the Court to represent an indigent party in a civil action in the United States District Court for the Eastern District of Wisconsin, that attorney shall be allowed to petition the Court for the prepayment or reimbursement of expenses incurred in the preparation and presentation of the proceeding, subject to the restrictions of these regulations and the availability of funds.

B.  **LIMITATIONS ON ELIGIBILITY**

  1. **Limited to Civil Actions Before the District Court**

     Only those expenses associated with the preparation of a civil action in the United States District Court for the Eastern District of Wisconsin shall be approved for reimbursement or prepayment. No costs associated with the preparation or presentation of an appeal to the United States Court of Appeals or the United States Supreme Court shall be reimbursed unless otherwise approved by the Advisory Committee for the Administration of the District Court Pro Bono Fund and the chief judge upon prior application by the appointed attorney.

  2. **Not Applicable if Criminal Justice Act Funds are Available**

In any proceeding where expenses are covered by the Criminal Justice Act (C.J.A.), 18 U.S.C. § 3006A, they shall be paid from such funds in accordance with C.J.A. guidelines and not from the District Court Pro Bono Fund.

### 3. Limit on Total Expenses Covered by Fund

The judge to whom the case is assigned is authorized to approve prepayments or reimbursements totaling $1,000.00. Any expenditure of $500.00 or more requires preapproval by the judge to whom the case is assigned and, if necessary, by the chief judge. If the total of the prepayments or reimbursement of expenses requested and those already allowed exceed $1,000.00, the judge shall forward the request to the chief judge together with a recommendation. In no event shall more than $3,000.00 in such expenses be paid for a party in any proceeding. When two or more parties in the same civil proceeding are represented by pro bono counsel appointed by the Court, the limits established in this section shall apply to the costs incurred on behalf of a party, provided that in no proceeding shall the total amount paid from the Fund exceed $6,000.00, regardless of the number of parties so represented.

## C. PROCEDURES FOR OBTAINING PREPAYMENTS OR REIMBURSEMENTS

### 1. Request for Authority to Incur Expense

For those expenses where authority to incur is required prior to incurring them, the request for authority to incur the expense shall be made by motion filed with the judge to whom the case is assigned. The motion shall set forth briefly the nature of the request, the reason for the request and the estimated amount of the expense. Counsel also shall submit a completed "Request for Prepayment or Reimbursement of Expenses" form.

### 2. Request for Prepayment or Reimbursement of Expenses

Any application for the prepayment or reimbursement of expenses shall be on the "Request for Prepayment or Reimbursement of Expenses" form approved by the advisory committee and available on request from the clerk of the court. The request shall be accompanied by sufficient documentation to permit the Court to determine that the request is appropriate and reasonable and, where the request is for reimbursement, that the amounts have actually been paid out. The request shall be filed with the judge to whom the case is assigned. Requests may be made at any time during the pendency of the proceedings and up to 60 days following the entry of judgment in the proceedings. The assigned judge may, for good cause shown, extend the time for filing a request.

### 3. Requests for Reimbursement by Attorney No Longer Representing Party

Where an attorney appointed under this Court's Pro Bono Plan is permitted to withdraw from representing the party in a proceeding and the attorney has incurred expenses which may be reimbursable under these regulations, he or she shall file a request for reimbursement within 60 days of the date of the entry of the order allowing the withdrawal. Except for good cause shown, the Court will not allow reimbursement of expenses where the request was filed more than 60 days after the entry of the order of withdrawal.

4. **Request Shall Be Made *Ex Parte***

Any request made under C1, C2 and/or C3 of this section setting forth procedures for obtaining prepayments or reimbursements shall be made *ex parte*.

5. **No Vested Right to Reimbursement or Prepayment**

Recognizing the pro bono nature of the appointment, there shall be no vested right to prepayment or reimbursement and the availability of funds may limit such payments.

6. **Processing by Clerk**

Upon receipt of the voucher form indicating the amounts approved by the Court for prepayment or reimbursement, the clerk of the court shall check to determine whether or not any payments had previously been paid out of the District Court Pro Bono Fund to cover expenses in the same proceeding. If no such payments had been made, the clerk shall promptly issue the required check or checks in the amount indicated on the voucher form or the limit set by these regulations, whichever is lower. Where payments had previously been made from the Fund for expenses in the proceedings, the clerk shall check to see if the amounts authorized by the current voucher, together with amounts previously paid, would require additional approval by the chief judge because the total exceeds the limits set by these regulations for amounts approvable by the assigned judge. Where such approval is required, the clerk shall promptly transmit the voucher to the chief judge with notice of such transmittal to the judge assigned to the case. Upon receipt of the voucher approved by the chief judge on the voucher form, the clerk shall promptly issue the required check or checks in the amount indicated on the voucher form or limit set by these regulations, whichever is lower. If the chief judge disallows any or all of the amounts requested, the clerk shall promptly transmit to the submitting attorney and the assigned judge a copy of the voucher showing the action of the chief judge.

7. **Attorney Obligation to Pursue Taxation of Costs**

Absent exceptional circumstances, wherever taxation of costs is permitted, the appointed attorney shall apply for such costs and pursue collection of same.

8. **Amounts Paid from Fund to be Reimbursed From Any Fee Award**

   Where a fee and costs award is made by a judge to an appointed attorney, the attorney awarded fees and costs shall, upon receipt of the monies awarded, promptly repay the District Court Pro Bono Fund any amounts paid to him or her under these regulations.

9. **Reimbursement of Prepaid Amounts Where Party Accepts Settlement**

   In any instance in which a party for whom counsel has been appointed accepts a settlement, any amounts which have been prepaid from the District Court Pro Bono Fund shall be repaid in their entirety to the Pro Bono Fund out of the proceeds received by the party, unless otherwise ordered by the judge to whom the case is assigned.

10. **Reimbursement of Incurred Amounts Where Party Accepts Settlement**

    In any instance in which a party for whom counsel has been appointed accepts a settlement, and no provision is made in the settlement terms to cover the expenses incurred by court-appointed counsel (i.e., not prepaid to counsel) that would otherwise be covered by these regulations, reimbursement of such expenses shall not be authorized by the judge to whom the case is assigned or the chief judge, except upon a showing of good cause for the absence in the settlement terms of a provision to cover such expenses.

11. **Reimbursement of Prepaid Amounts Where Party Has Prevailed Other Than By Settlement**

    In any instance in which a party for whom counsel has been appointed prevails other than by a settlement, any amounts which have been either prepaid from the District Court Pro Bono Fund or incurred by the indigent party's appointed attorney in accordance with these regulations, shall be repaid in their entirety to the Pro Bono Fund out of the proceeds received by the party, unless such amounts are awarded as taxable costs against the losing party or parties or unless ordered otherwise by the judge to whom the case is assigned.

12. **Attorney Fees Not Precluded**

    Nothing in these regulations shall be construed to preclude an attorney who is appointed to represent an indigent party from seeking a fee for his/her work

performed in connection with such appointment where a recovery is obtained for the indigent party.

**D.	EXPENSES AND COSTS ALLOWED BY REGULATIONS**

**1.	Criminal Justice Act Limits to Apply in Absence of Specific Limits**

Except as specified by these regulations, the amounts and types of expenses covered by these regulations shall be governed by the guidelines for administering the Criminal Justice Act, 18 U.S.C. § 3006A. (See also *Guide to Judiciary Policies and Procedures*, Volume VII, Section A, Chapters II and III).

**2.	Deposition and Transcript Costs**

The costs of depositions and/or transcripts shall not exceed the regular copy rate as established by the Judicial Conference of the United States and in effect at the time any transcript or deposition was filed, unless some other rate was previously provided for by order of the Court. Except as otherwise ordered by the Court, only the cost of the original of any transcript or deposition, together with the cost of one copy each where needed by counsel, shall be allowed.

**3.	Travel Expenses**

Travel by privately owned automobile may be claimed at the rate currently prescribed for federal judiciary employees who use a private automobile for conduct of official business, plus parking fees, tolls, and similar expenses. Transportation other than by privately owned automobile may be claimed on an actual expense basis. Per diem in lieu of subsistence is not allowable; only actual expenses may be reimbursed. Actual expenses reasonably incurred shall be guided by the prevailing limitations placed upon travel and subsistence expenses of federal judiciary employees in accordance with existing government travel regulations.

**4.	Service of Papers; Witness Fees**

Those fees for service of papers and the appearances of witnesses that are not otherwise avoided, waived or recoverable may be reimbursed from the District Court Pro Bono Fund.

**5.	Interpreter Services**

Costs of interpreter services not otherwise avoided, waived or recoverable may be reimbursed from the District Court Pro Bono Fund at the going government rate.

**6. Costs of Photocopies, Photographs, Telephone Toll Calls, Telegrams, Faxes**

Actual out-of-pocket expenses incurred for items such as photocopying services, photographs, telephone toll calls, telegrams, and faxes necessary for the preparation of a case may be prepaid or reimbursed from the District Court Pro Bono Fund.

**7. Other Expenses**

Only expenses listed in subsections 1-6 of Section D are eligible for reimbursement without prior approval obtained from the assigned judge or by the chief judge, if required.

**E. RESTRICTIONS ON PREPAYMENTS OR REIMBURSEMENTS**

**1. General Office Expenses**

General office expenses, including personnel costs, rent, telephone services, secretarial help, office photocopying equipment, and any general expenses that would normally be reflected in the fee charged to a client are not reimbursable from the District Court Pro Bono Fund.

**2. Computer-Assisted Research/Printing**

Any costs incurred in conducting computer assisted legal research are not reimbursable from the Fund. The expense of printing briefs, regardless of the printing method utilized, is not reimbursable from the Fund.

**3. Costs/Fees Obtained by Adverse Party**

Under no circumstances shall any payments be authorized from the District Court Pro Bono Fund to pay for costs or fees taxed as part of a judgment obtained by an adverse party against a party for whom counsel was appointed pursuant to the rules of this Court.

4. **Responsibility to Seek Costs/Fees**

   The Court may disallow reimbursement of expenses if he or she determines that appointed counsel did not pursue reasonable courses of recovery of expenses, including seeking statutorily permitted costs and fees, prior to application for reimbursement from the Fund.

5. **Lack of Documentation**

   The judge assigned to the case or the chief judge may refuse to permit prepayment or disallow reimbursement of any expense based upon the absence of documentation that such expense is appropriate or reasonable or, that an expense for which reimbursement is requested, actually was incurred.