# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**TERRANCE EDWARDS,**

    **Plaintiff,**

    v.                                             Case No. 10-CV-729

**BELINDA SCHRUBBE, MARY GORSKE,**
**DR. PAUL SUMNICHT, and KRIS LYONS,**

    **Defendants.**

## ORDER

      Plaintiff, a Wisconsin state prisoner, brought this pro se civil rights action under 42 U.S.C. § 1983. After denying defendants' motion for summary judgment for failure to exhaust administrative remedies, I requested an attorney to represent plaintiff pro bono. Attorney Joseph W. Seifert accepted the request and represented plaintiff in this action pro bono beginning in October 2011. Following discovery, defendants filed a motion for summary judgment on the merits and on January 10, 2013, I granted defendants' motion for summary judgment on plaintiff's claim that defendants were deliberately indifferent to plaintiff's vitiligo skin condition in violation of the Eighth Amendment. Judgment was entered on the same day. Plaintiff has filed a pro se motion for reconsideration pursuant to Federal Rules of Civil Procedure 59(e) and 60(b).

      There is no motion for reconsideration under the Federal Rules of Civil Procedure. There are, however, Rules 59(e) and 60(b). A motion filed under Rule 59(e) must be filed within twenty-eight days of entry of the judgment, while a Rule 60(b) motion must be filed "within a reasonable time - and for reasons (1), (2), and (3) no more than a year after the

entry of the judgment[.]" Fed. R. Civ. P. 59(e), 60(c)(1). Whether a motion should be analyzed under Rule 59(e) or 60(b) depends on the substance of the motion, not on the timing or label affixed to it. Obriecht v. Raemisch, 517 F.3d 489, 493 (7th Cir. 2008) (citing Borrero v. City of Chicago, 456 F.3d 698, 701-02 (7th Cir. 2006)).

Altering or amending a judgment pursuant to Rule 59(e) is permissible when there is newly discovered evidence or where there has been a manifest error of law or fact. Harrington v. City of Chicago, 433 F.3d 542, 546 (7th Cir. 2006) (citing Bordelon v. Chi. Sch. Reform Bd. of Trs., 233 F.3d 524, 529 (7th Cir. 2000)). Vacating a judgment under Rule 60(b) is permissible for several reasons including mistake, excusable neglect, newly discovered evidence, and fraud. See Fed. R. Civ. P. 60(b). "Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances." Id. (quoting Karraker v. Rent-A-Center, Inc., 411 F.3d 831, 837 (7th Cir. 2005)). Rule 59(e), on the other hand, requires that the movant "clearly establish" one of the aforementioned grounds for relief. Id. (citing Romo v. Gulf Stream Coach, Inc., 250 F.3d 1119, 1122 n.3 (7th Cir. 2001)).

As an initial matter, I note that plaintiff's attorney has not withdrawn from this case and, therefore, plaintiff should not be submitting pro se filings. However, as the gist of plaintiff's argument in his motion for reconsideration and four supplements to the motion is that his pro bono attorney did not adequately respond to defendants' motion for summary judgment, I will consider the filings.

I granted defendants' motion for summary judgment on plaintiff's Eighth Amendment medical care claim because the facts did not support a finding that plaintiff's vitiligo was a serious medical need. I also determined that, even if it were a serious medical need,

2

defendants were not deliberately indifferent. (See Decision and Order of January 10, 2013, at 6-7.)

In support of his motion for reconsideration, plaintiff contends that he should not be held responsible for his inadequate attorney and it is not his fault that his attorney did not submit evidence in response to defendants' motion for summary judgment. According to plaintiff, defendants provided him with no treatment for his vitiligo and they did not refer him to a dermatologist who could have provided treatment. He further asserts that defendants knew about his condition and that it was spreading, but they did nothing about it. According to plaintiff, defendants knew that there was treatment available that could have possibly stopped the spreading and maybe even cause some repigmentation. Plaintiff also states that his attorney did not communicate with him.

Plaintiff insists that his attorney's summary judgment response was inadequate because he did not respond to defendants' proposed findings of facts, but only filed a brief. However, a review of the thorough response brief reveals that it contains the arguments plaintiff raises in his motion for reconsideration and supplements. For instance, plaintiff asserts that there was no requirement for him to submit evidence that his condition was serious, citing Greeno v. Daley, 414 F.3d 645 (7th Cir. 2005), apparently an argument that his vitiligo was a serious medical need. However, the response brief contains the same citation, referring the court to Greeno in support of the argument that plaintiff's vitiligo was a serious medical need. (See Pl.'s Resp. Br., Docket 78, at 3.) I considered the argument. In addition, in his third supplement to his motion for reconsideration, plaintiff notes that his attorney, "did in fact state in his response brief . . . [that plaintiff] has repeatedly registered deep distress over his spreading condition." (Docket 101 at 1.) Plaintiff also recognizes

3

that his attorney directed the court to the Mayo Clinic website for additional medical information on vitiligo, and stated that there are many treatments for vitiligo. (Id.)

Plaintiff has not shown that there is newly discovered evidence or that the court's January 10, 2013, Decision and Order contains a manifest error of law or fact. He has also not demonstrated that he is entitled to relief from judgment under Rule 60.

**IT IS THEREFORE ORDERED** that plaintiff's motion for reconsideration (Docket # 97) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for counsel (Docket # 105) **DENIED**.

Dated at Milwaukee, Wisconsin, this 29th day of April, 2013.

s/ Lynn Adelman

LYNN ADELMAN
District Judge